THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:18-cr-00030-MR-WCM-4

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | <u>O R D E R</u> |
| ) | |
| CARLA LLOYD, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Unopposed Motion for a New Trial [Doc. 153].

On March 20, 2018, the Defendant was charged in a Bill of Indictment along with five co-defendants with one count of conspiracy to distribute and possess with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B) (Count One), and one count of aiding and abetting others in possessing with the intent to distribute at least 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Two). [Doc. 1].

In June 2018, the Defendant entered a plea of guilty to Count One pursuant to a written plea agreement. On November 29, 2018, the Court

sentenced the Defendant to a term of 120 months' imprisonment on Count One and dismissed Count Two. [Doc. 130].

The Defendant now moves the Court to vacate her conviction and grant her a new trial. For grounds, the Defendant states that several weeks after her sentencing, she was made aware of information that she believes would have influenced her decision to go trial, and that such information was not available at the time she entered her plea of guilty in June 2018. The Defendant further states that the Government does not object to the relief requested in her motion.

Rule 33(b)(2) of the Federal Rules of Criminal Procedure allows for a motion for a new trial grounded on any reason other than newly discovered evidence. Fed. R. Crim. P. 33(b)(2). The Court finds that a portion of the basis of the Defendant's motion falls within this subsection. Specifically, the Court takes notice of the fact that the Government has moved to dismiss the Indictment in this matter as to all the Defendant's co-defendants. As the Government reports in those motions to dismiss, the Government was unable to proceed to trial against these co-defendants because of a "suspended witness." This case presents an extraordinary set of circumstances where justice requires the setting aside of a judgment,

particularly considering the Defendant's position in the conspiracy relative to her co-defendants who have been dismissed.

While Rule 33(b)(2) requires the filing of the motion fourteen days after the verdict or finding of guilty, the Government has agreed to waive any objection to the timeliness of the Defendant's motion. See Eberhart v. United States, 546 U.S. 12, 19 (2005) (noting that time limits under Rule 33(b)(2) are non-jurisdictional and defense of untimeliness may be forfeited by the government); Rice v. Rivera, 617 F.3d 802, 809 (4th Cir. 2010).

For all these reasons, the Court will grant the Defendant's motion for a new trial.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for a New Trial [Doc. 153] is **GRANTED**; the Defendant's Judgment [Doc. 130] is **VACATED**; and the Defendant is hereby granted a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

The Clerk of Court is respectfully directed to provide a copy of this Order to counsel for the Government, counsel for the Defendant, the United States Bureau of Prisons, the United States Marshals Service, and the United States Probation Office.

Signed: February 12, 2019

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge